Sullivan, J.
Debt by Reynolds, assignee of Patton, against Joseph and Edward Smith, on a promissory note. Pleas, 1, Nil debent; 2, That the note mentioned in the *deelaration was given by the defendants to *213 Patton, the assignor of the plaintiff, in consideration that he would convey to the defendant, Joseph Smith, by a good and sufficient deed in fee-simple, free from all incumbrances, two tracts of land in the plea described; that said tracts of land were at the time when, &c., greatly incumbered, &c., so that Patton has been wholly unable to comply with said contract, and has failed to convey, &c.; wherefore the consideration for said note had failed. The plaintiff added the similiter to the first plea, and, to the second, replied that the consideration had not failed as stated, &c. Verdict and judgment for the defendants.
The facts Avere, that the note was given in part consideration of the lands described in the plea; that, at the time of the contract, there was judgments against Patton to a large amount in the Circuit Court of the county within which the lands lay; that they were afterwards sold on execution to satisfy said judgments, and were purchased by R. A. Loekioood; that, after the purchase by Loekioood, Patton and wife conveyed the same lands to him in fee by deed of general warranty. It further appeared that previous to the commencement of the suit, a deed for the lands with full covenants from Patton and wife to Joseph Smith, and a quit claim deed from Lockwood and wife with covenants, &c. as to Loekioood and persons claiming under him, were tendered to Smith, and payment of the note demanded ; that, at the time of tendering said deeds, there was a recognizance of record in the Tippecanoe Circuit Court, entered into by Lockwood as bail for the appearance of another, who stood indicted in said Court, &c., and that Loekwood was the • owner of other real estate more than sufficient to satisfy said recognizance.
The Court instructed the jury, that at the time of the tender of the deeds from Patton and Loekwood, the incumbrances upon the laud were such as to excuse the defendant, Joseph, from accepting the deeds. To this instruction the plaintiff excepted.
The point which was mainly considered in the Circuit Court was, whether the recognizance, to which Loekioood was a party, so incumbered the land offered to be conveyed by him, as to *214 justify the defendant in refusing his deed. However this point may be decided, there is a question *behind it which should be first settled, as it involves the merits of the plaintiff's case.
There is no controversy between the parties as to the facts of the case. At the time of commencing the suit, and at the time of the trial, the plaintiff’s assignor had no title, legal or equitable, to the land. Notwithstanding the tender of a deed by Patton to the defendant, it is conceded that at the time of the tender, the land described in the deed had not only been sold on execution, but that Patton and wife had conveyed it by general warranty deed to Lockwood, the purchaser at the sheriff’s sale. Patton, therefore, had no interest whatever in the land. The title had passed from him and had vested in another person. In this state of things, we think the defendant was entirely justifiable in withholding the purchase-money and .refusing the deed, Patton having no title to the land, could convey none.
But the plaintiff insists, that the deed from Lockwood and wife, and the deed tendered by Patton, taken together, constituted such a title to the land as the defendent was bound, under the contract, to accept. We have already seen that the deed tendered by Patton to the defendant was of no avail. Whether the deed from Lockwood conveyed a good title to the land or not, the defendant was not bound to inquire. He had made no contract with Lockwood for the purchase of the land, nor with Patton for a conveyance from Lockwood. His agreement ' was to pay the money for which the suit was brought, in consideration of a deed, with full covenants, to be made by Patton. Such a title as he contracted for he had a right to demand, secured by the covenants of the vendor, and free from blemish. The terms of the contract would be essentially varied if a third person, without consent, were substituted to do tha which one of the contracting parties had bound himself to perform.
It is therefore of little consequence to the merits of thU cause, to inquire whether the recognizance referred to in the *215 bill of exceptions be a lien on the lands of Lockwood or not, as the settlement of that question can in no wise affect the decision of the case.
R. A. Lockwood, for the appellant.
W. M. Jenners and R. A. Chandler, for the appellees.
'We are of opinion that the instructions of the Court were correct, and that the judgment should be affirmed.
*Per Curiam.—The judgment is affirmed with costs.